IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:09-CR-106-1 |
| RONALD MARSHALL SIMPSON, JR., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's "Pro Se Motion for Reconsideration of Compassionate Release." (ECF No. 127.) The Government filed a response opposing Defendant's motion, (ECF No. 132), and Defendant replied. (ECF No. 133.) The Court, having considered the arguments of the parties as set forth below, finds that Defendant has failed to show an extraordinary and compelling reason for a reduction and the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, for the reasons set forth herein, Defendant's "Pro Se Motion for Reconsideration of Compassionate Release," (ECF No. 127), will be denied.

**I. BACKGROUND**

Defendant was indicted for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). (ECF No. 1.) He was convicted after a jury trial and sentenced by the Court as

an armed career criminal to 235 months' imprisonment. (ECF No. 44 at 1-2.) Defendant is 53 years of age and has a projected release date of March 31, 2026.[1]

Defendant filed a previous motion for compassionate release seeking a reduction of his sentence based upon his medical conditions and his risk of contracting Covid-19. (ECF No. 99.) The Court found that while Defendant had shown an extraordinary and compelling reason for a reduction, that the § 3553(a) factors weighed against granting compassionate release. (ECF No. 117 at 8, 16.) Defendant's current motion asks the Court to reconsider his motion for compassionate release; however, he offers new grounds for such relief. (ECF No. 127 at 1.) Under these circumstances, the Fourth Circuit has stated that courts should treat such motions "as a new motion for compassionate release." *United States v. Hedspeth*, No. 22-6943, 2023 WL 7124547, at *1 (4th Cir. Oct. 30, 2023).

## II. STANDARD OF REVIEW

Defendant moves for a reduction in sentence arguing there have been changes in the law that produced a gross disparity between his sentence and how his case would be determined today. (ECF No. 127 at 1, 5.) A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of

---

[1] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Oct. 21, 2025) (enter "24712-057" in BOP Register Number field).

sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). Relief under section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The Sentencing Commission policy guidelines specify a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate relief with the warden on or about April 29, 2020, and the Government concedes Defendant has exhausted his administrative remedies. (ECF no. 132 at 3 n.1.) Therefore, the Court will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

### III. DISCUSSION

#### A. Arguments of the Parties

Defendant argues that because the predicate offenses underlying the Armed Career Criminal Act ("ACCA") enhancement imposed in his case were not presented to a jury there was a violation of the 2024 Supreme Court case of *Erlinger v. United States*, 602 U.S. 821 (2024). (*Id.* at 2.) According to Defendant, it is uncertain as to whether a jury would find he has three

3

predicate felonies that would qualify under the ACCA. (ECF No.133 at 1-2.) Relying on the Fifth Circuit Court of Appeal's ruling in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), Defendant also argues that his conviction under § 922(g) violates his Second Amendment rights. (*Id.* at 2-3.) Finally, Defendant argues that his rehabilitative efforts while incarcerated support his request for a reduction of sentence. (*Id.* at 3.)

The Government opposes the motion. (ECF No. 132.) With respect to *Erlinger*, the Government argues that Defendant's argument is based on a judicial decision interpreting existing law and does not demonstrate an intervening change in the law as addressed by the policy guidelines in U.S.S.G. § 1B1.13(b)(6). (*Id.* at 8.) The Government further argues that the Defendant's argument based on *Erlinger* is an attack on the validity of his sentence and therefore, not properly before the Court in a motion for compassionate relief. (*Id.*) The Government contends, in any case, that Defendant would still qualify for the ACCA enhancement if sentenced today. (*Id.* at 12-13.) With respect to Defendant's reliance on the ruling in *Rahimi*, the Government argues that the Fifth Circuit's decision was reversed by the Supreme Court, and therefore, Defendant is unable to show an extraordinary and compelling reason on that basis. (*Id.* at 7.) Finally, the Government argues that the § 3553(a) factors weigh against a reduction. (*Id.* at 14.)

    **B.    Extraordinary and Compelling Reasons**

    1.    <u>Defendant's Reliance on *Erlinger v. United States* is Misplaced</u>

In *Erlinger v. United States,* after recognizing that the ACCA increased the mandatory minimum sentence for defendants convicted under § 922(g), the Supreme Court held that a jury must unanimously find beyond a reasonable doubt that the predicate convictions were
4

committed on different occasions. 602 U.S. at 825, 835. Defendant argues his due process rights were violated because the predicate offenses in his case were never presented to the jury. (ECF No. 127 at 3.) According to Defendant, if he is found "not guilty" of the ACCA enhancement, he would face a significantly reduced sentencing range which would cause a "gross disparity" between his sentence and the sentence he might receive today. (ECF No. 133 at 1.) He argues that "[t]here is no way of knowing the outcome unless defendant's current sentence be vacated and remanded and sent back to the district court so that a jury may make the determination beyond a reasonable doubt as required by the Fifth and Sixth Amendments." (*Id.* at 1-2.) In his reply, Defendant also asserts that some of his prior offenses might not qualify as predicate offenses, "which would ultimately leave the defendant ineligible for an ACCA enhancement." (*Id.* at 4.)

To the extent Defendant is arguing his due process rights were violated and his sentence should be vacated for resentencing in accordance with *Erlinger*, the argument attacks the validity of Defendant's sentence and is not properly before the Court in a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("[N]o matter how an inmate characterizes his request for relief, the substance of the request controls."). Alternatively, insofar as Defendant is arguing that if sentenced today, he would no longer qualify for the ACCA enhancement and therefore, could demonstrate a gross disparity in sentence that warrants compassionate release, his argument would still fail. A defendant faces an enhanced sentence as an armed career criminal if he has three predicate convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Despite Defendant's arguments to the contrary,

he continues to have at least three felony convictions that qualify as predicate offenses under § 924(e).

In seeking application of the ACCA at Defendant's sentencing, the Government asserted that Defendant had the following prior convictions to support the ACCA enhancement: 1) Felony Breaking and Entering (89CRS3902, 89CRS3905, 89CRS3941, 90CRS11160, 90CRS11161, 90CRS11162, 90CRS11163); 2) Felony Assault with a Dangerous Weapon Inflicting Serious Injury (90CRS11164); and 3) Felony Assault by Strangulation (06CRS519821).[2] (ECF No. 1 at 1; ECF No. 100, ¶¶ 20, 26-29. 47.) The Government concedes, and the Court agrees, that Defendant's 1990 conviction for felony assault with a dangerous weapon inflicting serious injury would no longer be treated as a violent felony under the ACCA. *See Holland v. United States*, Crim. Case No. 2:06CR26-MR-WCM-1-, 2021 WL 3493152 (W.D.N.C. Aug. 9, 2021); *United States v. Geddie*, 125 F. Supp. 3d 592, 601 (E.D.N.C. 2015). However, only three of the remaining eight offenses need to qualify as predicate felonies to sustain the ACCA enhancement. Defendant's felony assault by strangulation conviction would still qualify as one of the necessary predicate offenses. *See United States v. Robinson*, 92 F. 4th 531, 539 (4th Cir. 2024) (affirming that North Carolina assault by strangulation categorically qualifies as a crime of violence). Therefore, if two of Defendant's seven breaking and entering convictions qualify as violent felonies offenses "committed on

---

[2] The Government listed these offenses in the presentence report in support of the ACCA enhancement and therefore, Defendant had adequate notice such that they may be considered in discussing whether Defendant would still qualify for the ACCA enhancement. *See United States v. Hodge*, 902 F.3d 420, 430 (4th Cir. 2018).

6

occasions different from one another," the ACCA enhancement would still be applicable if Defendant was resentenced today. 18 U.S.C. § 924(e)(1).

North Carolina breaking and entering convictions are considered violent felonies under the ACCA. *See United States v. Mungro*, 754 F. 3d 267, 272 (4th Cir. 2014). The Government, while asserting that the ACCA enhancement would apply based on other convictions, states that Defendant's three 1989 breaking and entering convictions would not support the enhancement because Defendant was under 18 when he committed the crimes. (ECF No. 132 at 12.) In his reply, Defendant similarly argues that offenses committed when he was a juvenile cannot be relied upon to support a sentence under the ACCA. (ECF No. 133 at 4.) This Court disagrees.

Although Defendant committed the 1989 offenses when he was 17 years old, he was convicted as an adult. (ECF No. 100, ¶ 26.) Under these circumstances the convictions can be relied on as predicate offenses under the ACCA. *See United States v. Lender*, 985 F.2d 151, 156 (4th Cir. 1993) (finding that where defendant committed breaking and entering at 17 but convicted as an adult, the conduct amounted to a "violent felony" under the ACCA); *see also United Staes v. Demby*, No. 21-4711, 2022 WL 17975014, at *2 (4th Cir. Dec. 28, 2022) (unpublished) (rejecting argument that ACCA enhancement cannot rely on convictions for conduct committed when defendant was a juvenile); *United States v. Hinnant*, 384 F. App'x 276, 278-79 (4th Cir. 2010) (unpublished) (concluding defendant could qualify for ACCA relying in part on two North Carolina breaking and entering convictions committed when defendant was seventeen, but tried as an adult). Consequently, in addition to his assault by strangulation conviction, at least one breaking and entering conviction from 1989 and one breaking and

7

entering conviction from 1990 could be relied upon to easily establish the three predicate offenses required under the ACCA. Furthermore, as the Government contends, even without the 1989 breaking and entering convictions, Defendant's remaining convictions would sustain the ACCA enhancement. Although Defendant committed the four 1990 breaking and entering offenses on a single day, the Government argues that the law supports the finding that they occurred on different occasions from one another. (ECF No. 132 at 12-13.) The Court, having reviewed the Government's analysis, agrees.[3]

Accordingly, Defendant has failed to demonstrate an intervening change in the law that resulted in a gross disparity between the sentence imposed and the sentence likely to be imposed if he was sentenced today. Consequently, Defendant has failed to establish an extraordinary and compelling reason for a reduction in his sentence on this basis.

2. Defendant's Reliance on *United States v. Rahimi* is Misplaced

Defendant, relying on the Fifth Circuit Court of Appeal's ruling in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), argues he should be granted a reduction in sentence because § 922(g) is unconstitutional. (*Id.* at 2-3.) In *Rahimi*, the Fifth Circuit, applying the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), held that § 18 U.S.C. § 922(g)(8) violates the Second Amendment. (ECF No. 127 at

---

[3] Defendant, and two co-defendants, broke into four homes in three different towns. (*See* ECF No. 100, ¶ 28.) The second and third addresses are over two and half miles apart and the third and fourth addresses are more than 12 miles apart. *See* https://mapsdirections.io/google-maps-directions (last visited Oct. 20, 2025). Under similar circumstances, the Fourth Circuit held that the offenses occurred on different occasions. *See, e.g.*, *United States v. Curtis*, Case No. 18-4907, 2024 WL 1281335, at *5 (4th Cir. Mar. 26, 2024) (unpublished) (finding three breaking-and-entering offenses committed on the same day separated by approximately 2 miles and 7 miles, involving three different homes, and thus different victims, were committed on different occasions).

8

2.) However, since Defendant filed his motion, the Supreme Court reversed the Fifth Circuit's ruling and held that § 922(g)(8) is facially constitutional. *See United States v. Rahimi*, 602 U.S. 680 (2024). Further, subsequent to the rulings in *Bruen* and *Rahimi*, the Fourth Circuit upheld the constitutionality of § 922(g)(1) against both facial and as applied challenges. *See United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024). Therefore, Defendant is likewise unable to show an extraordinary and compelling reason for a reduction in sentence based on this argument.

### C. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, even if Defendant could show an extraordinary and compelling reason, the Court again finds that an analysis of the § 3553(a) factors would not support granting Defendant relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

Defendant asserts that he "understands the seriousness of his crime and the impact it had on his victims." (ECF No. 127 at 3.) He indicates that he has participated in the Challenge Program and completed more than 25 "re-entry classes" to "prepare him for his functioning in society." (*Id.*) He notes that he is now 52 years old, his "criminal thinking" has changed, and he is prepared to be a law-abiding citizen. (*Id.* at 3-4.) Defendant indicates that he will have support from his fiancé upon release. (*Id.* at 4.)

The Court acknowledges Defendant's steps towards rehabilitation and his commitment to his faith which he asserts has changed him as a man. (ECF No. 133 at 5.) The Court also recognizes that Defendant is over 50 years old, an age at which the risk of recidivism significantly declines. *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014). However, consideration of the § 3553(a) factors overall does not support granting a reduction of sentence.

As noted in the Court's prior Order, Defendant's criminal history weighs against early release. (ECF No. 117 at 11.) Defendant has a serious criminal record with 18 felony convictions of offenses which include theft and assault. (ECF No. 100, ¶¶ 24-47.) His crimes date back to when he was 16 years old and his record shows that periods of incarceration and probation have done little to deter additional crimes. (*Id.*) The Court also finds the facts underlying Defendant's current offense weigh against a reduction. Defendant used a handgun to intimidate and threaten his ex-wife when she refused to lend Defendant five dollars. (ECF No. 100, ¶¶ 7-9.) Defendant was arrested on school property after police officers found a loaded 9mm handgun on the front floor of the car in which Defendant had been riding. (*Id.*,

10

¶ 11.) While no one was physically harmed in the incident, Defendant's actions show a clear disregard for the law and disfavor relief.

Defendant's post-conviction record also weighs against granting a reduction of sentence. Defendant has engaged in some positive steps while incarcerated but has also incurred eleven disciplinary infractions. (ECF No. 132-2 at 1-4.) These include citations for possession of unauthorized items, fighting, refusing to obey an order, and in his early days of incarceration, for testing positive for the use of drugs or alcohol. (*Id.* at 1-4.) Defendant has incurred at least four of the infractions since the Court denied his prior request for compassionate release in 2021. (*Id.* at 1-2.) These more recent infractions demonstrate that Defendant continues to have problems conforming his behavior to community expectations and cast doubt on his claim that he is reformed. Moreover, several of his infractions have disallowed good time credits. (ECF No. 132-2 at 1.) The Court is loath to grant a reduction under the extraordinary relief afforded by § 3582 when Defendant's own conduct is preventing some measure of the earlier release he now seeks.

Accordingly, the Court finds that consideration of the § 3553(a) factors does not support a reduction in sentence. The Court concludes that Defendant's sentence is "sufficient, but not greater than necessary" to satisfy the sentencing policy objectives. Any lesser sentence would not protect the public, deter crime, or provide adequate time for rehabilitation. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

[Order on next page]

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's "Pro Se Motion for Reconsideration of Compassionate Release," (ECF No. 127), is **DENIED**.

This, the 2nd day of December 2025.

/s/ Loretta C. Biggs
Senior United States District Judge